```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:    JUN 0 9 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
RAYMON A. DASH, *a/k/a Ramon Dash*,

                          Plaintiff,

        -against-

C.O. JOHN DOE and DR. DEBRA MAYERS,

                         Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 414 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Raymon A. Dash brings this action against Defendants C.O. John Doe and Nurse Practitioner Debra Mayers pursuant to 42 U.S.C. § 1983, as well as the Eighth and Fourteenth Amendments to the United States Constitution, U.S. Const. amends. VIII, XIV, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* Specifically, Plaintiff alleges that Defendants violated his constitutional and statutory rights when he sought treatment for suicidal ideation and self-harm while an inmate at the Anna M. Kross Center ("AMKC") on Rikers Island. (Am. Compl., ECF No. 30.) Mayers moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot. to Dismiss Am. Compl., ECF No. 32.)

    Before this Court is Magistrate Judge James L. Cott's April 23, 2020 Report and Recommendation (the "Report"), recommending that Mayers's motion to dismiss be granted and

that the claim against Doe be dismissed *sua sponte*.¹ (Report, ECF No. 50, at 1, 23.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 23–24.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

Plaintiff was serving a sentence for a parole violation at AMKC when the alleged incident occurred on December 16, 2018. (Am. Compl. ¶ 1.) Plaintiff asserts that he asked to speak to a psychiatrist as he was having thoughts of suicide and self-harming. (*Id.* ¶ 2.) Plaintiff was taken to the "pens" in the mental health unit where he then met with Defendant Mayers.² (*Id.* ¶ 3.) Plaintiff claims that Mayers began asking him questions about his symptoms and mental health history despite being "in full view and within hearing distance" of other inmates, correctional officers, and staff. (*Id.*) Mayers allegedly discussed Plaintiff's diagnosis of bipolar disorder, asked "personal private questions," including whether Plaintiff ever experienced sexual abuse, and read from a chart that Plaintiff believed contained his medical history in the mental health unit. (Letter in Opp'n to Def.'s Mot. to Dismiss and Requesting Valentin Order, ECF No. 44.)³ According to Plaintiff, although he asked Mayers to continue the discussion in a private room, Mayers "ignor[ed] [Plaintiff's] requests and . . . questions." (*Id.* ¶ 3.)

---

¹ The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

² Plaintiff has listed Mayers as "Dr. Debra Mayers" and referred to her as a psychiatrist in the amended complaint. (Am. Compl. ¶ 3.) However, the New York City Law Department has indicated that Mayers's official title is "Nurse Practitioner." (Resp. to Jan. 31, 2019 Order of Service, ECF No. 16, at ¶ 2.)

³ When ruling on motions to dismiss involving *pro se* parties, courts "may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

2

Based on her evaluation, Mayers placed Plaintiff on "one-to-one supervision for suicidal ideation" in a mental health unit "pen" to which Plaintiff alleges that C.O. Doe was assigned in order to monitor him. (Am. Compl. ¶¶ 4–5.) Plaintiff further asserts that no additional precautions were taken to protect him beyond one-to-one supervision. He began "banging his head on the wall" and "cutting his wrist with his toenail" that evening. (*Id.* ¶¶ 6–7.) Plaintiff claims that he cried loudly for help for "approximately twenty minutes," but Doe failed to act despite being "approximately ten feet" away. (*Id.* ¶¶ 7–8.) According to Plaintiff, Doe "appeared to be sleeping," but it was unclear to him whether Doe was in fact asleep or merely ignoring him. (*Id.* ¶ 9.) Plaintiff alleges that he now "suffer[s] from anxiety and depression," is "afraid of doctors," and has "permanent, visible scarring on his wrist and suffers from intense head pain." (*Id.* ¶ 12.)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

### C. *Pro Se* Plaintiffs.

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Courts must also "afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for

summary judgment." *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).

## III. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE DISMISSED WITH PREJUDICE[4]

### A. Plaintiff Cannot Prevail on His Fourteenth Amendment Right to Privacy Claim Against Mayers.

The Report construes Plaintiff's complaint as asserting a right to privacy claim under the Fourteenth Amendment against Mayers for discussing Plaintiff's symptoms and mental health history in earshot of other inmates and prison staff. (Report at 9–10.) Magistrate Judge Cott correctly found that Plaintiff has failed to adequately state a claim under the Fourteenth Amendment. A prisoner's right to privacy of his medical information is protected by the Fourteenth Amendment, but it is not an unqualified right. *Rush v. Artuz*, No. 00 Civ. 3436 (LMM), 2004 WL 1770064, at *11 (S.D.N.Y. Aug. 6, 2004). A prisoner's right to privacy does not extend to *all* medical information. Rather, it covers those "unusual condition[s]" that are "likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (extending the Fourteenth Amendment right to privacy afforded to HIV-positive prisoners in *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) to trans prisoners).

---

[4] Magistrate Judge Cott accurately determined that dismissal with prejudice is proper and that Plaintiff should not be allowed to amend his complaint further. (Report at 22.) As Magistrate Judge Cott pointed out, Plaintiff has already amended his complaint once, and this Court has "liberally construed [Plaintiff's] opposition to the motion to dismiss in such a way that it effectively amounts to another pleading." (*Id.* (citing *Lang v. New York City Health and Hosp. Corp.*, No. 12 Civ. 5523 (WHP), 2013 WL 4774751, at *4 (S.D.N.Y. Sept. 5, 2013)).) As such, granting Plaintiff "leave to amend would be futile because [P]laintiff has already had two bites at the apple and they have proven fruitless." *Treppel v. Biovail Corp.*, No. 03 Civ. 3002 (PKL), 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005). Accordingly, Plaintiff's claims are dismissed with prejudice.

Several courts in the Second Circuit have declined to expand this protection to cover the disclosure of mental health disorders. *See, e.g.*, *Gibson v. Rosati*, No. 13 Civ. 503 (GLS) (TWD), 2016 WL 11478234, at *5 (N.D.N.Y. May 19, 2016) (finding that the plaintiff's mental health history, recent mental health diagnosis, and compliance with psychiatric medications did not constitute protected information); *Ruple v. Bausch*, No. 09 Civ. 1108 (NAM) (DRH), 2010 WL 3171783, at *4 (N.D.N.Y. July 21, 2010) (declining to extend Fourteenth Amendment protection where the plaintiff suffered from depression and possible liver damage).[5] Magistrate Judge Cott correctly determined that bipolar disorder is likely not such a condition demanding confidentiality under the Fourteenth Amendment. (Report at 12.) As Magistrate Judge Cott noted, "bipolar disorder . . . does not appear, in the prison context, to carry 'a social stigma equivalent to HIV/AIDS or transsexualism,' nor is such disclosure likely to expose an inmate 'to discrimination [or] intolerance.'" (*Id.* (citation omitted) (first quoting *Matson v. Bd. of Educ.*, 631 F.3d 57, 68 (2d Cir. 2011); then quoting *Doe*, 15 F.3d at 267).)

Magistrate Judge Cott also properly found that even if bipolar disorder were recognized as a condition demanding privacy under the Fourteenth Amendment, Mayers acted with a legitimate penological interest when discussing Plaintiff's mental health history. (*Id.* at 13–14.) Indeed, prison officials can impinge on the right to privacy "to the extent that their actions are reasonably related to legitimate penological interests." *Narvaez v. City of New York*, No. 16 Civ. 1980 (GBD), 2017 WL 1535386, at *13 (S.D.N.Y. Apr. 17, 2017) (quoting *Powell*, 175 F.3d at 112). Such penological interests can require that "prisoners be viewed during events in which the average law-

---

[5] The Second Circuit denied a defendant's motion to dismiss where the plaintiff alleged a Fourteenth Amendment violation for the disclosure of mental health information in *Hunnicutt v. Armstrong*, 152 F. App'x 34, 36 (2d Cir. 2005). As Magistrate Judge Cott properly noted, however, this decision was an unpublished summary order that lacks precedential effect, and it failed to elaborate on the contours of the unusual conditions that are entitled to confidentiality. (Report at 11 (citation omitted).)

abiding citizen would partake behind closed doors." *Vergara v. Vogliano*, No. 95 Civ. 4513 (JFK), 1997 WL 86388, at *3 (S.D.N.Y. Feb. 28, 1997) (quoting *Armon v. Collins*, No. 93 Civ. 564, 1994 WL 653533, at *2 (E.D. Tex. Nov. 10, 1994)). Where medical information is divulged "gratuitously through 'humor or gossip,'" however, "it is more likely that the inmate's right to privacy will have been violated." *Jones v. Smith*, No. 09 Civ. 1058 (GLS) (ATB), 2015 WL 5750136, at *20 (N.D.N.Y. Sept. 30, 2015) (quoting *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 220 (W.D.N.Y. 2003)).

Magistrate Judge Cott appropriately held that Mayers's questions and discussion of Plaintiff's symptoms and mental health history in response to Plaintiff's request for treatment were legitimate inquiries made in order to acquire "relevant information to provide [Plaintiff] with prompt and appropriate psychiatric attention." (Report at 13.) Further, Magistrate Judge Cott accurately concluded that Plaintiff has not alleged that Mayers divulged his information gratuitously, "nor [has Plaintiff] allege[d] that his medical information was communicated through humor or gossip." (*Id.* at 14.) Instead, Mayers's questions and discussion were "limited in both scope and purpose" and directly pertinent for Mayers to respond to Plaintiff's medical needs, which is a legitimate penological interest. (*Id.*) Accordingly, Plaintiff's Fourteenth Amendment claim against Mayers is dismissed.

## B. Plaintiff Cannot Prevail on His HIPAA Claim Against Mayers.

Magistrate Judge Cott correctly found that Plaintiff's claims against Mayers under HIPAA must be dismissed given that "an individual cannot sue for [HIPAA's] enforcement or for damages caused by disclosures." (*Id.* at 15 (quoting *Ross v. Westchester Cty. Jail*, No. 10 Civ. 3937 (DLC), 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012)).) Thus, Plaintiff's HIPAA claim against Mayers is dismissed.

## C. The Prison Litigation Reform Act Forecloses Any Claims Against Mayers.

Magistrate Judge Cott properly found that "[e]ven if Plaintiff sufficiently asserted liability against Mayers," the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, forecloses Plaintiff's claims against Mayers to the extent that he seeks to recover compensatory damages. (*Id.* at 15–16.) Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Particularly, "in the absence of a showing of physical injury, a prisoner cannot recover compensatory damages for mental or emotional injury." *Edwards v. Horn*, No. 10 Civ. 6194 (RJS) (JLC), 2012 WL 760172, at *22 (S.D.N.Y. Mar. 8, 2012).[6] Magistrate Judge Cott properly concluded that Plaintiff has failed to allege that Mayers caused him any physical injury. (Report at 16.) While Plaintiff has alleged to have suffered scarring on his wrists as well as intense head pain, Plaintiff appears to have attributed these injuries solely to the conduct of Doe. (*Id.* at 15 n.8.) Accordingly, the PLRA bars Plaintiff from recovering compensatory damages for his alleged injuries from Mayers.

## D. Plaintiff Cannot Prevail on His Eighth Amendment Deliberate Indifference Claim Against Doe.

The Report construes Plaintiff's complaint as asserting a claim against Doe under the Eighth Amendment for deliberate indifference to his medical needs, stemming from Doe's alleged failure to act when Plaintiff began harming himself and crying for assistance. (*Id.* at 16.)

---

[6] Under the PLRA, failure to allege a physical injury does not prevent a plaintiff from recovering nominal or punitive damages when he has successfully established a constitutional violation. *Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 457 (S.D.N.Y. 2004); *see also May v. Donneli*, No. 06 Civ. 437 (GLS) (RFT), 2009 WL 3049613, at *4 (N.D.N.Y. Sept. 18, 2009) ("In fact, it is error for courts not to award nominal damages in § 1983 actions when a constitutional violation has been established."). Here, because Plaintiff has failed to prove that his constitutional rights were violated, he is not entitled to recover punitive or nominal damages.

8

Further, Magistrate Judge Cott properly determined that Plaintiff's "uncertain allegation that CO Doe *may* have been ignoring [Plaintiff] is insufficient to support any deliberate indifference claim." (Report at 18.) By merely raising the *possibility* that Doe was actually feigning sleep, without more, Plaintiff has failed to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While *sua sponte* dismissal of *pro se* prisoner complaints is generally not favored, *see, e.g., McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), Magistrate Judge Cott correctly found that this Court must dismiss *sua sponte* Plaintiff's complaint against Doe where it fails to state a claim upon which relief can be granted, (Report at 18). Accordingly, Plaintiff's Eighth Amendment claims against Doe are dismissed *sua sponte*.

### E. Plaintiff Cannot Prevail on His ADA or Rehabilitation Act Claims.

Magistrate Judge Cott properly found that any claims Plaintiff may have under the ADA or Rehabilitation Act are baseless. To establish a claim under the ADA or Rehabilitation Act, a plaintiff must show that the defendant discriminated against him in some way on the basis of a disability. *See, e.g., Andino v. Fischer*, 698 F. Supp. 2d 362, 379 (S.D.N.Y. 2010) (ADA); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (Rehabilitation Act). Magistrate Judge Cott accurately concluded that Plaintiff has wholly "failed to assert that any of the alleged misconduct was motivated by reason of some disability." (Report at 21.) Accordingly, Plaintiff's claims under the ADA and Rehabilitation Act are dismissed.

### F. Defendants Have Qualified Immunity to Plaintiff's Claims.

Magistrate Judge Cott correctly held that, even if Plaintiff "had alleged a cognizable claim against [D]efendants, both Mayers and Doe would be entitled to qualified immunity." [7]

---

[7] "A qualified immunity defense . . . is typically addressed at the summary judgment stage . . . ." *Verley v. Goord*, No. 02 Civ. 1182 (PKC) (DF), 2004 WL 526740, at *17 (S.D.N.Y. Jan. 23, 2004). However, a

10

(Report at 18.) State officials are entitled to qualified immunity as an affirmative defense from suits under § 1983 unless the plaintiff is able to establish that a "clearly established" constitutional or statutory right was violated. *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). For a right to be clearly established, it must be shown that "existing precedent . . . ha[s] placed the statutory or constitutional question . . . beyond debate," such that a reasonable official would be aware that they are violating such a right. *Id.* at 779 (citation omitted).

Magistrate Judge Cott properly found that Plaintiff has failed to show a violation of a clearly established Fourteenth Amendment right by Mayers. In light of the lack of precedential authority of *Hunnicutt*, 152 F. App'x 34 and case law, "it is not at all clear that [Plaintiff] had an established privacy right with respect to the mental health information disclosed by Mayers." (Report at 20.) It is also well established in the Second Circuit that a prisoner's right to privacy of medical information is overcome when an official acts out of a legitimate penological interest, as Mayers did here. (*Id.*)

Magistrate Judge Cott appropriately determined that Plaintiff has also failed to show a violation by Doe of a clearly established Eighth Amendment right. Indeed, "although the right to be free from deliberate indifference to serious medical needs is clearly established," Second Circuit precedent suggests that the right does not extend to situations where the defendant has fallen asleep. (*Id.*) Rather, the precedent against finding the mental state required for a deliberate indifference claim in such situations would make it "reasonable for [Doe] to believe that [he] had not acted with the requisite deliberate indifference." (*Id.* at 21 (quoting *McKenna v. Wright*, 386

---

defendant will be "shielded by qualified immunity on a motion to dismiss if the complaint fails to allege the violation of a clearly established constitutional right." *Stephens v. Venettozzi*, No. 13 Civ. 5779 (RA) (DF), 2016 WL 929268, at *13 (S.D.N.Y. Feb. 24, 2016) (quoting *Burton v. Lynch*, 664 F. Supp. 2d 349, 368 (S.D.N.Y. 2009)).

F.3d 432, 436–37 (2d Cir. 2004)).) Accordingly, Defendants are entitled to qualified immunity with respect to Plaintiff's § 1983 claims.

### G. Supplemental Jurisdiction Over Any State Law Claims is Declined.

Magistrate Judge Cott properly held that this Court should decline to exercise supplemental jurisdiction over any potential state law claims. (*Id.* at 21–22.) "[T]he decision to retain [supplemental] jurisdiction is discretionary and not a litigant's right." *Klein & Co. Futures v. Bd. Of Trade*, 464 F.3d 255, 263 (2d Cir. 2006). Further, where "federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise [supplemental] jurisdiction over remaining state law claims." *Id.* at 262. Accordingly, this Court declines to exercise supplemental jurisdiction over any state law claims that may be construed to have been alleged.

## IV. CONCLUSION

Magistrate Judge Cott's Report is ADOPTED. Mayers's motion to dismiss the claims against her, (ECF No. 32), is GRANTED. The additional claim against Doe is dismissed *sua sponte*. The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
June 9, 2020

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

12